IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA KEELING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| LIFESTYLES REALTY, INC. & | § | |
| DELBERT WALMSLEY, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## PLAINTIFF'S COMPLAINT

Plaintiff Lisa Keeling files this Complaint against Lifestyles Realty, Inc. and Delbert Walmsley (collectively "Defendants"), showing the Court as follows:

## INTRODUCTION

1.      Beginning in April 2013, and through the end of her employment on January 15, 2017, Defendants misclassified Plaintiff as "exempt" from overtime under the federal Fair Labor Standards Act ("FLSA"),[1] and, as result, deprived her of the overtime pay to which she was entitled under the FLSA.  She brings this suit to recover what she is owed under the law.

## THE PARTIES AND JURISDICTION

2.      Plaintiff Lisa Keeling is a natural person residing in Brazoria County, Texas.  She was employed by Defendants within the past three years.  She has standing to file this lawsuit.

3.      Defendant Lifestyles Realty, Inc. ("Lifestyles") is a Texas corporation with its headquarters in Harris County, Texas and may be served with process through its registered agent: Delbert E. Walmsley, Jr., 11200 Westheimer Road, Suite 1000, Houston, Texas 77042.

---

[1]   29 U.S.C. § 201, *et seq.*

4. Defendant Delbert Walmsley is an ultimate owner and/or operating officer of Lifestyles Realty, Inc. ("Lifestyles"). He is a natural person who resides on information and belief in Harris County, Texas and may be served at 11200 Westheimer Road, Suite 1000, Houston, Texas 77042, or his home address at 2103 Fawn Meadow Lane, Richmond, Texas 77406, or any place where he may be found. He is involved in the day-to-day operations of Lifestyles as they relate to defining the terms of employment, Lifestyles' finances; and corporate decisions.

5. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For several years, each Defendant has done business in the State of Texas.

6. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

7. Venue is appropriate under 29 U.S.C. § 1391(b)(1) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").

## FACTUAL AND LEGAL BACKGROUND

8. Lifestyles is a real estate brokerage company for commercial and residential investment properties.

9. Plaintiff had various job titles and roles during her employment. Approximately three years ago, she was a Broker's Assistant. Her job title later changed to Operations Manager. She was paid a salary, although on at least one occasion her salary was deducted for time she purportedly did not work.

10. Regardless of whether she was called a Broker's Assistant or Operations Manager, the job duties were basically the same, and they were primarily administrative in nature. She handled administrative duties for real estate agents; organized and maintained files;

scanned in hard copies of documents and put them on Defendants' server; she scheduled meetings; she helped prepare and edit correspondence, reports and presentations. She also responded to questions about the subscription service Defendants offered to real estate investors. She also worked in accounts payable, meaning that she paid bills (all of which had to be approved by Defendants' Controller). She also processed payments to third party agents based on the information provided to her (which also ultimately had to be approved by Defendants' Controller).

11. Despite her title, Plaintiff's primary duty did not include management of the enterprise or of a customarily recognized department or subdivision of Defendants.

12. Plaintiff did not customarily and regularly direct the work of two or more of Defendants' employees.

13. Plaintiff did not have the authority to hire or fire other Defendants' employees, and her suggestions regarding same were not given particular weight.

14. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

15. Plaintiff typically worked a large amount of overtime hours. Defendants did not pay her overtime in the weeks in which she worked over 40 hours.

16. As explained below, given the job duties of Plaintiff, Defendants misclassified her as being exempt from overtime under the FLSA. Accordingly, Defendants owe Plaintiff unpaid overtime and other damages provided for by the FLSA.

## FLSA CLAIM FOR OVERTIME PAY

17. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq.*

18.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule.   Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).  No exemption applies in this case.

19.     All conditions precedent, if any, to this suit, have been fulfilled.

20.     At all material times, Plaintiff was an employee under the FLSA. 29 U.S.C. § 203(e).

21.     At all material times, Defendants were and are an eligible and covered employers under the FLSA.  29 U.S.C. § 203(d).

22.     Plaintiff was not exempt from overtime under the FLSA's "Executive Exemption."  To qualify for the executive employee exemption, all of the following three duties tests must be met: (a) the employee's primary duty must be managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; (b) the employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and (c) the employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.  29 C.F.R. § 541.100.

23.     During her employment with Defendants, Plaintiff's primary duty was not the management of Defendants or of a customarily recognized department or subdivision.  Her title of Operations Manager was a complete misnomer.   She was essentially the administrative

coordinator. In fact, in replacing her employment, Defendants have advertised for an "Administrative Assistant."

24. During her employment with Defendants, Plaintiff did not customarily and regularly direct the work of two or more of Defendants' employees or the equivalent.

25. During her employment with Defendants, while Plaintiff on one occasion recommended discipline of a third-party contractor, she did not hire or fire or make suggestions as to the discipline of Defendants' employees, or their advancement or separation from the company.

26. In sum, Plaintiff was not exempt under the "Executive Exemption."

27. Plaintiff was not exempt from overtime under the FLSA's "Administrative Exemption." To qualify for the administrative employee exemption, both of the following duties tests must be met: (a) the employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (b) the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200.

28. "The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the particular question arises." Factors to consider include:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without

prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.FR. § 541.202(b).

29.     Each of these factors weighs in favor of Plaintiff.  In fact, on January 7, 2017, Lynn Murrow, the Executive Vice President of Defendants, acknowledged in a text message that Plaintiff did not have a "real voice in decision making."

30.     Plaintiff was not exempt from overtime under any other exemption allowed by the FLSA.

31.     Plaintiff routinely worked in excess of 40 hours per seven-day workweek and Defendants knew or should have known that to be true.

32.     Plaintiff was entitled to overtime compensation for hours worked over 40 in a seven-day workweek.  29 U.S.C. § 207(a)(1).

33.     Defendants failed to pay Plaintiff overtime compensation for hours she worked over 40 in a seven-day workweek.

34.     Accordingly, Plaintiff seeks overtime pay earned for the past three years.

35.     Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

36.     Plaintiff is entitled to and seeks liquidated damages.   Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

37. Plaintiff is entitled to reasonable attorneys' fees. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc*., 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## JURY DEMAND

38. Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages in the amount of unpaid overtime wages under the FLSA;

b. Liquidated damages under the FLSA;

c. Pre-judgment and post-judgment interest;

d. Court costs;

e. Reasonable attorneys' fees under the FLSA; and

f. All other relief to which Plaintiff is entitled under the FLSA.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:   s/ Edwin Sullivan
      Edwin Sullivan
      State Bar No. 24003024
      S.D. Texas No. 24524
      712 Main Street, Suite 900
      Houston, TX 77002
      (713) 401-3555 – Telephone
      (713) 401-3547 – Facsimile
      ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF